UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LISA GRAHAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FRANK BISIGNANO Commissioner of )<br>Social Security Administration, )<br>)<br>Defendant. ) | No. 3:25-cv-00001-CSW-MPB |

**ORDER ON JOINT STIPULATION FOR EAJA FEES**

This matter is before the Court on the Parties' *Joint Stipulation To An Award Of Attorney Fees Under EAJA.* (Dkt. 19). The Court **GRANTS** the motion for the reasons set forth below.

## I. BACKGROUND

On January 2, 2025, Plaintiff filed her Complaint seeking judicial review of the ALJ's unfavorable finding denying Plaintiff's application for disability benefits. (Dkt. 1). The Court granted the parties' joint motion to remand and entered judgment on June 11, 2025, reversing the decision of the Commissioner and remanding for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) ("Sentence Four"). (Dkt. 16; Dkt. 17). The Parties filed the instant *Joint Stipulation* with supporting documentation on September 9, 2025, requesting an EAJA attorney fee award in the amount of $7,300. (Dkt. 19).

## II. DISCUSSION

Pursuant to the Equal Access to Justice Act ("EAJA"), a "court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States." 28 U.S.C. § 2412(d)(1)(A). In order to succeed on a Petition for EAJA fees, the movant must, within thirty days of final judgment in the action,[1] file an application (1) showing that he is a "prevailing party," (2) providing the Court with an itemized statement that represents the computation of the fees requested, and (3) alleging that the position taken by the United States was "not substantially justified." 28 U.S.C. § 2412(d)(1)(B). Additionally, the Court may, in its discretion, reduce or deny the award of fees and expenses if the prevailing party "engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" during the course of the proceedings. *Id.* § 2412(d)(1)(C).

The parties have jointly stipulated that Plaintiff is a "prevailing party." (Dkt. 19). The Court must then determine whether the amount of the fee award sought by Plaintiff is reasonable pursuant to the terms of the EAJA. As a threshold requirement, section 2412(d)(1)(B) of the EAJA requires Plaintiff to submit "an itemized statement from any attorney or expert witness representing or appearing [o]n behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." Plaintiff has done so. (*See* Dkt. 19-2). Plaintiff's counsel spent 3.3 hours on her case in 2024 and 30.2 hours on her case in 2025, which the Court finds to be reasonable.

A reasonable EAJA fee is calculated under the lodestar method by multiplying a reasonable number of hours expended by a reasonable hourly rate. *Astrue v. Ratliff*, 560 U.S. 586, 602 (2010). Although the hourly rate is statutorily capped at $125.00 per hour, the language of the statute permits the Court to allow for "an increase in the cost of living" to arrive at a higher hourly rate. 28 U.S.C. §

---

[1] When a case is remanded pursuant to Sentence Four, "the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable." *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991).

2412(d)(2)(A). In order to prove that such an increase is justified, the Seventh Circuit has held that "an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience." *Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015).

Reliance solely on a readily available measure of inflation is not sufficient, as an inflation-adjusted rate might result in a rate higher than the prevailing market rate in the community for comparable legal services, creating a windfall, which is to be avoided. *Id.* at 428–29. The parties' *Joint Stipulation* sets out the appropriate calculation of the applicable hourly rates permitted by the EAJA, taking into account the increase in the cost of living, as set forth in the Consumer Price Index, since the statutory hourly rate was set at $125.00 per hour in March 1996.[2] (*See* Dkt. 19). The adjusted rate was calculated by using that CPI for the month in which the majority of the work on this case was done – April 2025. That CPI was 296.688/151.7 (Midwest Urban CPI for March 1996, when the EAJA was enacted) = 1.9557 * $125 (EAJA base rate) = $244.47 adjusted hourly rate. (*Id.*). The Court finds that this rate does not exceed the prevailing market rate in the community by lawyers of comparable skill and experience and is consistent with the rate approved in other similar cases in this district.

---

[2] The EAJA was amended in 2011 and 2019 without change to this rate.

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** the parties' *Joint Stipulation* (Dkt. 19) and awards fees in the amount of $7,300. Any fees paid belong to Plaintiff and not Plaintiff's attorney and can be offset to satisfy any pre-existing debt that the litigant owes the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010). If Defendant can verify that Plaintiff does not owe a pre-existing debt to the government subject to the offset, Defendant will direct that the award be made payable to Karl Osterhout pursuant to the EAJA assignment duly signed by Plaintiff. If payment is mailed, as compared to electronically deposited, it shall be mailed to counsel's address of record: 521 Cedar Way, Suite 200, Oakmont, PA 15139.

**SO ORDERED.**

Date: September 30, 2025

_____
Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

Distributed electronically to ECF registered counsel of record.